**In re Steven T. DANNEY and Sallianne Danney, Debtors.**

**Steven T. Danney and Sallianne Danney, Plaintiffs–Appellants,**

v.

**Transamerica Home Loan, Defendant–Appellee.**

No. 01–56426.

D.C. No. CV–00–09997–TJH.

B.C. No. LA 92–39402 VZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Nov. 12, 2002.

Before WARDLAW, BERZON, Circuit Judges, and ISHII,[1] District Judge.

## MEMORANDUM[2]

Steven and Sallianne Danney appeal the District Court's order which affirmed the Bankruptcy Court's denial of the Danneys' Motion for Contempt against Transamerica Home Loan. The Danneys claim that their second loan from Transamerica reaffirmed a discharged debt—the Danneys' first loan from Transamerica—which had been discharged in the Danneys' bankruptcy proceeding. The Danneys filed a Motion for Contempt arguing that Transamerica violated the permanent discharge injunction entered after the Danneys' bankruptcy proceeding and that the Danneys' second loan was legally unenforceable because Transamerica failed to comply with the requirements for reaffirmation agreements under 11 U.S.C. § 524(c) and (d).[3]

It is undisputed that the requirements of § 524(c) and (d) were not met here. Thus, the crucial issue is whether the Danneys' second loan was an invalid reaffirmation agreement, as the Danneys contend, or a valid post-discharge agreement, as Transamerica contends. Transamerica argues that it had the right to foreclose on the Danneys' home, a right which survived the Danneys' discharge from bankruptcy. Transamerica further argues that its forbearance from foreclosing on the Danneys' home, along with other financial agreements with the Danneys, served as new consideration for their second loan, and therefore it was not a reaffirmation agreement. We have recently rejected the same argument. *See Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059 (9th Cir. 2002) (finding that the offer of "new consideration for repayment of the discharged debt is inconsequential" and holding that debtor's promise to pay a discharged debt was unenforceable).

The Danneys' second loan involved the Danneys' agreement to pay a secured debt, Transamerica's lien on the Danneys' home, in exchange for Transamerica's forbearance in foreclosing on the Danneys' home. Thus, the Danneys assumed their pre-bankruptcy-discharge position—before the discharge they owed money to Transamerica for a loan that was secured by their home, and, after the second loan, they also owed Transamerica money for a loan that was secured by their home. As such, the Danneys' second loan constituted a reaffirmation agreement which failed to

1. The Honorable Anthony W. Ishii, District Judge, United States District Court for the Eastern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Transamerica claims that the Danneys' appeal is moot because the Danneys have not appealed the District Court's denial of their Motion to Reopen their bankruptcy case, and, therefore, even if the Danneys were to prevail on this appeal, they would be unable to obtain relief because their case would still be closed. Bankruptcy courts, however, retain jurisdiction to enter contempt orders even after a debtor's case is closed. *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 906 (9th Cir.BAP 1999) (citing *Koehler v. Grant*, 213 B.R. 567, 569–70 (8th Cir.BAP 1997)). Because the Danneys' bankruptcy case did not need to be reopened in order for their Motion for Contempt to be granted, *Menk*, 241 B.R. at 906, the Danneys' appeal is not moot.

comply with the requirements of § 524(c) and (d).

For the foregoing reasons, we RE-VERSE the District Court's denial of the Danneys' Motion for Contempt, and find that the Danneys' second loan with Transamerica constituted a reaffirmation agreement which failed to comply with the requirements of § 524(c) and (d). We REMAND to the Bankruptcy Court with instructions to hold an evidentiary hearing to determine whether or not Transamerica is in contempt, and if so, whether or not sanctions should be imposed against Transamerica.